UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JUAN A. HILL | ) |
| | ) |
| v. | ) No. 2:05-CV-308 |
| | ) |
| HOWARD CARLTON, Warden | ) |

**MEMORANDUM OPINION**

**I. Introduction**

In 1997, petitioner Juan A. Hill was convicted by a jury in the Washington County, Tennessee Criminal Court for rape of a child, receiving a 35-year prison sentence for this offense. Following his fruitless efforts to obtain relief from his conviction in the Tennessee courts, he filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is confined in violation of his constitutional rights. Respondent submitted an answer/response, arguing that petitioner is not entitled to habeas corpus relief, and the matter was referred to United States Magistrate Judge Dennis H. Inman for a report and recommendation.

Following a review of the petition, the answer/response, and other filings of the parties, Judge Inman submitted his report and recommendation. The Magistrate Judge recommends that the Court deny issuance of the writ of habeas corpus and

dismiss the petition. Petitioner has filed timely objections. *See* Fed. R. Civ. P. 72(b).

Once a careful and complete review of the findings and recommendations has been conducted, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b). The Court has reviewed *de novo* the legal conclusions and factual findings in the magistrate judge's report to which petitioner has filed specific objections. *See* 28 U.S.C. § 636(b)(1)(c); *Flournoy v. Marshall*, 842 F.2d 875 (6th Cir. 1988). The Court now finds there was no error in the report, and, for the following reasons, will **ADOPT** the recommendation that the writ be **DENIED** and that this petition be **DISMISSED**. The Court addresses each objection individually.

## II. Petitioner's Objections

Petitioner raised nine claims for relief in his petition. The magistrate judge recommends that, for various reasons, each claim be rejected. Petitioner objects to all recommendations.

A. <u>Denial of Access to the Courts/ Right to Appeal [Claim one].</u>

In this claim, petitioner asserted that errors on the part of his post-conviction counsel prejudiced him and that he was denied access to the courts when his *pro se* brief (in which he raised issues his post-conviction attorney did not present)

was not accepted by the state appellate court. The Magistrate Judge recommended that this claim be dismissed. Petitioner argues that he did not commit a procedural default—an argument which misses the mark entirely.

Judge Inman recommended that this claim be denied because habeas corpus relief does not lie for a claim of error on the part of post-conviction counsel, not because of a procedural default. Judge Inman's recommendation is legally irrefutable. Petitioner has no constitutional right to counsel during state collateral proceedings, *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987), and, therefore, claims of ineffective assistance of post-conviction counsel and deficiencies in state post-conviction proceedings are not recognizable on habeas corpus review. 28 U.S.C. § 2254(I); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986).

The objection will be **OVERRULED**.

B. Ineffective Assistance - Jury Venire [Claim two].

According to petitioner, his attorney gave him ineffective assistance by failing to object to the composition of the jury venire or to raise it as an issue on appeal. The Magistrate Judge, finding that the claim was barred by procedural default, recommended that it be rejected.

Petitioner argues that, contrary to Judge Inman's finding, he did not

commit a procedural default because he fairly presented the claim by raising it in a *pro se* supplemental brief during his post-conviction appeal. This, he suggests, is sufficient to satisfy the requirement that he exhaust his habeas claim by offering the state courts the first opportunity to consider it before raising it in the federal courts.

As support for this argument, petitioner relies on *Southers v. Morgan*, 1991 WL 21972 (6th. Cir. Feb. 21, 1991), an unpublished decision. In that case, Southers appealed the district court's dismissal of his § 2254 application for failure to exhaust, arguing that he had presented all issues to the state courts, but that those courts had declined to address them. Though Southers's post-conviction attorney had appealed only four issues his client wished to raise, the attorney had submitted, along with his own brief, Southers's *pro se* pleadings, in which the other issues were advanced. Finding that petitioner and his attorney had done all they could reasonably do to present the claims to the state court, the Sixth Circuit ruled that the claims had been exhausted. *Id.*, 1991 WL 21972, at * 2.

Petitioner's case is factually distinguishable from *Southers*. In *Southers,* counsel submitted the *pro se* pleadings of his client *along with his own brief* and even objected to the state's motion to strike the *pro se* filing. The logical implication to be drawn from counsel's actions is that he endorsed Souther's *pro se* pleadings and incorporated them by reference into the attorney-filed brief. This is not what

4

happened here. Indeed, as the Magistrate Judge pointed out, petitioner's attorney prepared and filed his appellate brief in August of 2005, whereas the *pro se* supplemental brief was not filed in the Court of Criminal Appeals by petitioner until some four months later. Thus, unlike *Southers,* there is no indication that petitioner's counsel placed his imprimatur on petitioner's *pro se* supplemental brief.

As further support for his position, petitioner cites to *Smith v. Digmon*, 434 U.S. 332, 333 (1978) (per curiam), for its holding that exhaustion is complete, even if the state courts do not address an issue fairly presented to it. In *Digman*, it was observed that:

> "[it] is far too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. § 2254 has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court, and, indeed, in this case, vigorously opposed in the State's brief."

The important term here is "squarely raised," which, in essence, is an invocation of the "fair presentation"requirement, as was subsequently observed by the Supreme Court when it clarified *Digmon*.

> "The reason that point was 'too obvious to merit extended discussion' was that by then it was well settled that 'once [a] federal claim has been *fairly presented* to the state courts, the exhaustion requirement is satisfied.'"

*Castille v. Peoples*, 489 U.S. 346, 351 (1989) (discussing *Digman* and citing *Picard*

v. *Connor,* 404 U.S. 270, 275 (1971)) (emphasis in original).

Petitioner did not fairly present his claim by raising it in his *pro se* supplemental brief, while at the same time being represented by counsel because, in Tennessee, the well-established rule is that defendants may not represent themselves if, at the same time, an attorney is representing them. *Williams v. State*, 44 S.W.3d 464, 649 (Tenn. 2000). The Court so concludes because presenting a claim in a procedural context in which it will probably not be considered on the merits is not a fair presentation and because this is the way petitioner offered his claim to the state courts. *See Castille*, 489 U.S. at 351.

The objection will be **OVERRULED**.

C. Ineffective Assistance - Sequester the Jury [Claim three].
D. Jury Instructions [Claim four].

These claims have been combined to facilitate discussion since, with respect to both, the Magistrate Judge found a procedural default and recommended dismissal. Again, petitioner argues that those findings were incorrect, that he did not commit a procedural default since he preserved the claims by raising them in his *pro se* post-conviction pleadings and in his supplemental appellate brief, and that the recommendation should be disregarded.

For the same reasons discussed in the preceding section of the opinion, petitioner's objections will be **OVERRULED**.

E. <u>Ineffective Assistance-Alibi Defense & Alibi Witnesses [Claim five]</u>.

Petitioner asserts that his attorney gave him ineffective assistance by failing to investigate his claim of alibi or to interview certain witnesses identified by petitioner, to issue subpoenas for other witnesses to secure their testimony at trial in support of the claim, to ensure that witnesses who had been issued subpoenas did not fail to appear to testify at trial, and to give notice that petitioner intended to advance an alibi defense. The Magistrate Judge, noting that the claim had been litigated during the state post-conviction proceedings, recommended that it be dismissed based on the deferential review standards for state court decisions in 28 U.S.C. § 2254.

Under that standard, a district court may not grant a writ of habeas corpus for any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

Petitioner objects to Judge Inman's conclusion and recommendation, not on any valid basis, but because he "needs this last chance to prove his innocense [sic] by this habeas corpus proceeding, with discovery." [Doc. 23 at 5]. This objection,

however, is not tied to the Magistrate Judge's findings, is not grounded on any legally-recognized principle, and, thus, is not pertinent.

Like its predecessors, it too will be **OVERRULED**.

F. Denial of Due Process & Equal Protection - Testimony on Prior-Convictions [Claim six].

Petitioner asserts that, when he took the stand to testify, he was subjected to cross-examination with respect to his criminal record, not to impeach his credibility, but simply to prejudice his defense. This, he contends, denied him a fair trial. Though recognizing that the impeachment issue was raised in the state courts, Judge Inman nevertheless found a procedural bar based on petitioner's failure to raise the issue on a federal constitutional basis.

Petitioner disagrees with that conclusion, pointing to page 5H of his habeas corpus petition to show that, indeed, he did raise his claim as a constitutional violation. Petitioner has misunderstood Judge Inman's finding. The Magistrate Judge based his finding of procedural default on petitioner's failure to moor his claim to the Constitution *when he presented it to the state courts*, not when he raised it before this federal court.

This objection is based on irrelevant argument and will be **OVERRULED**.

G. Evidentiary Error - Admission of Tape Recording [Claim seven].

Petitioner maintains that a tape-recorded conversation between a police officer and himself was placed into evidence, though it contained references to incidents other than the offense for which he was being tried.

The Magistrate Judge found that "petitioner did present the issue as a violation of federal law, and, it was not raised by petitioner in any post-conviction proceeding. It therefore is procedurally defaulted." Alternatively, Judge Inman recommended that the claim be denied due to the deference owed to a state court decision under AEDPA standards of review. 28 U.S.C. § 2254(d).

Relying on Tennessee cases, petitioner points out that, once an issue has been raised on direct appeal in Tennessee's courts, the same issue may not be raised again in a post-conviction petition. In a similar vein, under habeas corpus law, an issue need only be fairly presented to state courts through one full round of state appellate review to exhaust it. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner fairly presents his claim by offering the state courts a full and fair opportunity to rule on his constitutional claim. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Stanford v. Parker*, 266 F.3d 442, 451 (2001) (observing that raising a claim only as a matter of state law does not exhaust it). Depriving a state court of such an opportunity amounts to a procedural default and, absent a showing of cause and prejudice, makes a petitioner ineligible for federal habeas relief.

An examination of petitioner's brief on direct review and the state court decision which followed leads this Court to conclude that the instant claim was raised solely as a violation of Tennessee's evidentiary rules—those governing the admissibility/exclusion of relevant proof and impeachment by prior convictions. Only those rules were cited; federal law was not mentioned. The state court record makes it clear: petitioner did not fairly present his claim to those courts. This constitutes a procedural default on the part of petitioner, and the Magistrate Judge was correct to make this ultimate finding.[1]

Therefore, petitioner's objection will be **OVERRULED**.

H. Insufficient Evidence [Claim eight].

This claim need not be discussed because, pursuant to petitioner's own motion, it was dismissed by order of August 7, 2006. [Docs. 11, 16].

I. Improper Sentencing [Claim nine].

In this claim, petitioner alleges that the trial court imposed an improper

---

[1] When viewed in context, the more natural reading of the analysis of this claim is that the Magistrate Judge intended to say that petitioner "did ***not*** present the issue as a violation of federal law," but that the word "not" was mistakenly omitted from the passage. This conclusion is bolstered by the Magistrate Judge's next finding—that the issue "was not raised by petitioner in any post-conviction proceeding." Only if a claim has not been exhausted on direct appeal does it make sense to examine post-conviction pleadings to determine whether it was raised in those proceedings so as to satisfy the federal exhaustion requirement.

10

sentence by failing to find mitigating factors and by incorrectly finding aggravating factors. The Magistrate Judge, acknowledging that the claim was submitted on direct appeal, found that it was not asserted as a violation of federal law and that it was not raised at all during post-conviction proceedings. The Magistrate Judge ultimately recommended that the claim be denied as procedurally defaulted and, alternatively, on the basis of 28 U.S.C. § 2254's deferential standard of review for state court decisions which are not contrary to or an unreasonable application of Supreme Court precedent.

Petitioner points to his appeal brief as argument to support his claim that these alleged sentencing errors violated his right to due process and equal protection. Unfortunately for petitioner, his appeal brief relied exclusively on state statutes and state court cases to sustain his claim that the trial court imposed an excessive sentence. [Addendum No. 3, at 6-8]. No mention was made of due process, equal protection, the Eighth Amendment to the United States Constitution, or any other federal law. And no developed argument along these lines was presented. As discussed previously, this constitutes a procedural default, and the Magistrate Judge made no error in so finding. Petitioner's last objection, likewise, will be **OVERRULED**.

## III. Conclusion

For the reasons stated above, a separate order will enter dismissing this petition.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE